UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>PERMANENT MISSION OF NIGERIA TO THE UNITED NATIONS,<br><br>　　　　　　　　Defendant. | Civ. Action No.:<br><br>**COMPLAINT**<br><br>DOCUMENT<br>ELECTRONICALLY FILED |

------------------------------------------------------------------X

Plaintiff UnitedHealthcare Insurance Company ("United"), by its attorneys, Sedgwick LLP, as and for its Complaint, states:

### THE PARTIES

1. Plaintiff United is a corporation organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. At all relevant times, United has been a licensed insurance company in all jurisdictions and the District of Columbia.

2. Defendant Permanent Mission of Nigeria to the United Nations ("Defendant" or the "Mission") is a permanent diplomatic mission of the Federal Republic of Nigeria to the United Nations, located at 828 Second Avenue, New York, New York 10017.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1330(a) because this is a lawsuit against a foreign state that is not immune from the jurisdiction of courts of the United States under the Foreign Sovereign Immunities Act, 28 U.S.C. §1605(a), and any other applicable international agreement.

4.	Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(f)(1) because a substantial part of the events or omissions giving rise to United's claims herein occurred in this district and the Defendant's principal place of business is located in this district.

## BACKGROUND

**A.	The Group Policy**

5.	On or about December 18, 2014, the Mission submitted to United an application for group health insurance coverage.

6.	Thereafter, United issued a group policy of insurance (the "Group Policy") to the Mission to fund benefits under the UnitedHealthcare Choice Plus Plan 1011A (the "Plan") and administered all claims for benefits under the Plan.

7.	The Group Policy was issued effective as of January 1, 2015 and renewed effective as of January 1, 2016.

8.	The Group Policy provides that all Employees of the Mission enrolled in the Plan and their Enrolled Dependents (together, the "Covered Persons") are "entitled to Benefits for Covered Health Services subject to the terms, conditions, limitations and exclusions set forth in the Certificate(s) of Coverage and Schedule(s) of Benefits attached to [the] Policy."

9.	The Group Policy provides that premiums for the Group Policy (hereinafter referred to as "Premiums" or "Policy Charges") "will be calculated using the Premium rates in effect at that time."  The Group Policy further provides as follows:  "A full calendar month's Premiums will be charged for Covered Persons whose effective date of coverage falls on or before the 15th of that calendar month.  No Premiums will be charged for Covered Persons whose effective date of coverage falls after the 15th of that calendar month.  A full calendar month's Premiums will be charged for Covered Persons whose coverage is

terminated after the 15th of that calendar month.  No Premiums will be charged for Covered Persons whose coverage is terminated on or before the 15th of that calendar month."

10. The Group Policy further provides that the Policy Charges are due and payable no later than the first day of each month while the Policy is in force and that the Mission is "solely responsible" for the "timely payment of the Policy Charges."

11. Under the Group Policy, any grace period for the payment of any delinquent Policy Charges "will not extend beyond the date this Policy terminates."

12. The Group Policy provides that "[u]pon any termination of this Policy, [the Mission] is and will remain liable to [United] for the payment of any and all Premiums which are unpaid at the time of termination, including a pro rata portion of the Policy Charge for any period this Policy was in force during the grace period preceding the termination."

13. The Group Policy further provides that the Mission must reimburse United "for attorney's fees and any other costs related to collecting delinquent Policy Charges."

14. Under the Group Policy, "[t]o the extent that state law applies, the laws of the District of Columbia are the laws that govern this Policy."

    **B.**    **Termination of the Group Policy and the Mission's Failure to Pay Outstanding Policy Charges**

15. As of July 1, 2016, there has been an outstanding balance of Policy Charges due and payable under the Group Policy for the time period from July 1, 2016 to July 31, 2016 in the amount of $73,639.36 (the "Outstanding Policy Charges").

16. United sent to the Mission two invoices concerning the Outstanding Policy Charges: invoice number 0040941225, dated June 18, 2016 (the "June 2016 invoice"), and invoice number 0041153198, dated July 16, 2016 (the "July 2016 invoice").[1]

17. The Mission failed to remit any payments to United in connection with the June 2016 invoice and the July 2016 invoice.

18. The Mission terminated the Group Policy effective as of August 1, 2016.

19. Thereafter, United sent to the Mission a demand letter dated January 27, 2017 (the "January 2017 demand letter"), in which it demanded payment of the Outstanding Policy Charges by February 10, 2017.

20. The Mission failed to pay the Outstanding Policy Charges, or any portion thereof, in response to the January 2017 demand letter.

21. On or about February 17, 2017, United sent to the Mission another demand letter (the "February 2017 demand letter"), in which it demanded payment of the Outstanding Policy Charges by March 3, 2017.

22. The Mission failed to respond to the February 2017 demand letter and failed to pay the Outstanding Policy Charges, or any portion thereof.

23. On April 19, 2017, United, through its undersigned counsel, sent to the Mission a demand letter (the "April 2017 demand letter"), in which it demanded payment of the Outstanding Policy Charges within ten (10) days from the date of the letter.

---

[1] While the June 2016 invoice shows an outstanding balance of $96,979.94, the July 2016 invoice shows a credit in the amount of $23,340.58 due to the termination of Plan coverage for certain Covered Persons, thus making the total outstanding balance $73,639.36 (*i.e.*, the Outstanding Policy Charges).

24. The Mission failed to respond to the April 2017 demand letter and failed to pay the Outstanding Policy Charges, or any portion thereof.

25. On May 2, 2017, United, through its undersigned counsel, sent to the Mission another demand letter (the "May 2017 demand letter"), in which it demanded payment of the Outstanding Policy Charges within ten (10) days from the date of the letter.

26. The Mission failed to respond to the May 2017 demand letter and failed to pay the Outstanding Policy Charges, or any portion thereof.

27. On May 25, 2017, United, through its undersigned counsel, sent to the Mission its final demand letter (the "Final demand letter"), in which it demanded payment of the Outstanding Policy Charges within ten (10) days from the date of the letter.

28. To date, the Mission has failed to respond to the Final demand letter and has failed to pay the Outstanding Policy Charges, or any portion thereof.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

29. United repeats and re-alleges the allegations in paragraphs "1" through "28" herein as if stated in full.

30. The Group Policy, which was in effect from January 1, 2015 until August 1, 2016, was a valid contract between United and the Mission in that United and the Mission are competent parties; the subject matter of the Group Policy – *i.e.*, funding and administration of Plan benefits to Covered Persons – is lawful; there was legal monetary consideration given by the Mission in exchange for United's funding and administration of Plan benefits to Covered Persons; both United and the Mission agreed to the terms of the Group Policy; and both United and the Mission undertook obligations under the terms of the Group Policy.

31. Under the Group Policy, the Mission had an obligation to timely pay the Policy Charges to United no later than the first day of each month while the Group Policy was in force.

32. Upon termination of the Group Policy, the Mission remained liable to United for the payment of any Policy Charges that were unpaid at the time of the termination.

33. The Mission breached its obligation to United under the Group Policy by failing to remit the Outstanding Policy Charges on their due date, July 1, 2016, or at any time thereafter.

34. By virtue of the Mission's breach of the Group Policy, United has been damaged in the amount of the Outstanding Policy Charges, as well as attorneys' fees and costs to which United is entitled under the terms of the Group Policy.

## AS AND FOR A SECOND CAUSE OF ACTION FOR UNJUST ENRICHMENT

35. United repeats and re-alleges the allegations in paragraphs "1" through "34" herein as if stated in full.

36. United conferred a benefit upon the Mission by providing funding and administration of Plan benefits to Covered Persons from July 1, 2016 to July 31, 2016.

37. The Mission accepted and retained the benefit of United's funding and administration of Plan benefits to Covered Persons from July 1, 2016 to July 31, 2016.

38. The Mission has not provided any monetary compensation to United in return for United's funding and administration of Plan benefits to Covered Persons from July 1, 2016 to July 31, 2016.

39. Under these circumstances, it would be unjust for the Mission not to pay United the monies owed for United's funding and administration of Plan benefits to Covered Persons from July 1, 2016 to July 31, 2016 (*i.e.*, the Outstanding Policy Charges).

40. Accordingly, United should be compensated in the amount of $73,639.36, plus attorneys' fees and costs incurred in connection with prosecuting this action.

WHEREFORE, Plaintiff UnitedHealthcare Insurance Company respectfully requests:

(a) That the Court award United damages in the amount of $73,639.36, plus all applicable interest, for Defendant's breach of the Group Policy terms on the First Cause of Action;

(b) In the alternative, that the Court award United the amount of $73,639.36, by which Defendant was unjustly enriched, plus all applicable interest, on the Second Cause of Action;

(c) That the Court award United its costs and attorneys' fees; and

(d) That the Court award United such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 9, 2017

Respectfully submitted,

/s/Michael H. Bernstein
Michael H. Bernstein (MB 0579)
Jovana Vujovic (JV 1010)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Telephone: (212) 422-0202
*Attorneys for Plaintiff*
*UnitedHealthcare Insurance Company*

To:   Permanent Mission of Nigeria to the United Nations
      828 Second Avenue
      New York, New York 10017